(69 App. Div. 19.)

ANDERSON v. ROTHSCHILD.

(Supreme Court, Appellate Division, First Department.  February 7, 1902.)

INFANTS—PERSONAL INJURIES—DISMISSAL OF COMPLAINT.

 A coal wagon was discharging coal at the home of plaintiff's father. The chute, being found too short, had been shoved up under the wagon, the front of the wagon raised up by means of machinery so as to enable the coal to flow freely, and the coal taken out in bags.  Afterwards plaintiff's son, six years old, started to sweep the walk, and the driver ordered him away, but he continued his work.  The driver let down the wagon rapidly, the hook holding the chute broke, and the chute struck the boy's leg, and broke it.  There was conflicting evidence whether the wagon was in good repair.  The evidence showed that the hook was of the ordinary kind, and that the break was a fresh one all the way across.  *Held* error to dismiss the complaint.

Appeal from trial term, New York county.

Action by Ludwig Anderson, an infant, by Andrew Anderson, his guardian ad litem, against Henry Rothschild.  Judgment dismissing the complaint, and plaintiff appeals.  Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

J. P. Berg, for appellant.

John V. Bouvier, for respondent.

VAN BRUNT, P. J.   This action was brought to recover for injuries claimed to have been sustained by the infant plaintiff on the 5th day of January, 1901, by being struck by the chute of a coal cart belonging to the defendant while coal was being delivered at the house of the plaintiff's father, resulting in a fracture of the leg.   It appears from the evidence in the case that on said day a horse and wagon loaded with coal belonging to the defendant, and in charge of one Edward Adams, a servant of the defendant, was backed up to the curbstone in front of the residence of the plaintiff's father for the purpose of delivering coal.   The wagon in question was provided with a chute, which pulled out, and which was used for the purpose of carrying coal over the sidewalk to the coal hole leading to the cellar.   The chute connected with the wagon in question, upon being tried, was found to be too short.   It was then shoved back under the wagon, and the front of the wagon was raised up by some machinery with which it was provided, to enable the coal to flow freely from the wagon.   The coal was then taken out in bags, and carried into the cellar.   After this had been done, the plaintiff, a boy of six years of age, procured a broom, and commenced to sweep the coal dust off the sidewalk.   While so doing he was told by the driver to get out of the way, but he still kept on with his work, and the driver proceeded to let down the wagon, the chute shot out, struck the boy upon the leg, and broke it.   The driver stopped the fall of the front of the wagon as soon as the chute shot out, and then finished the letting down of the wagon after the child had been taken care of.

There was evidence tending to show that the wagon was old and out of repair, and there was other evidence tending to show that the

524   74 NEW YORK SUPPLEMENT   (Sup. Ct.

and 108 New York State Reporter

wagon was in good repair, was substantially new, and had been examined upon the morning in question. It further appeared from the evidence that the accident was caused by the breaking of a hook which was used to keep the chute from coming out from underneath the wagon. The evidence was that this hook was of the ordinary kind, and that the break in it was a fresh one all the way across.

Upon this state of the evidence, the court below dismissed the complaint. This we think was error, because, from the fact that this hook was broken as the result of letting down the wagon, which the evidence shows was being let down very fast, the jury might find that the wagon was negligently handled, and that an undue strain was put upon the hook when the wagon was let down by the driver. The evidence shows that this appliance was an ordinary one, used for the purpose of holding the chute, and that it was sufficient for this purpose; and the fact that it was broken, the break being entirely fresh, indicated that some extraordinary strain had been put upon it, which the jury might find was the result of improper handling of the wagon to which it was attached.

We think, therefore, that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.